**CITY OF DUNKIRK WATER & SEWAGE DEPT., Defendant–Appellant,**

**v.**

**Dru HALL and Selena Hall, Plaintiffs–Appellees.**

No. 38S02–9509–CV–1114.

Supreme Court of Indiana.

Nov. 16, 1995.

William W. Hinkle, Hinkle, Racster & Lopez, Portland, for appellant.

John H. Brooke and Casey D. Cloyd, McClellan, McClellan, Brooke & Arnold, Muncie, for appellees.

ON PETITION TO TRANSFER

DICKSON, Justice.

Plaintiffs-appellees Dru Hall and Selena Hall filed this small claims action to resolve their dispute with the Water & Sewage Department of the City of Dunkirk. The trial court entered judgment in favor of the Halls in the sum of $523.97 plus costs. The city appealed, alleging insufficient supporting evidence. In a memorandum decision, the Court of Appeals reversed and ordered that judgment be entered in favor of the city. We grant the Halls' Petition to Transfer.

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind.Small Claims Rule 11(A). In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind.Trial Rule 52(A). In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *See Estate of Reasor v. Putnam County* (1994), Ind., 635 N.E.2d 153, 158; *In re Estate of Banko* (1993), Ind., 622 N.E.2d 476, 481. A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence. This deferential standard of review is particularly important in small claims actions, where trials are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." Ind.Small Claims Rule 8(A).

The evidence favorable to the judgment includes the following: The plaintiffs are the owners of a four-unit apartment building in Dunkirk, Indiana. Prior to 1993, the water bill for the apartment building averaged approximately $79.00 per month. For the first three months of 1993, the city's total water bill to the Halls was in excess of $750.00. The water meter in the Halls' apartment building was replaced in April 1993, after which their average monthly water bills were only slightly higher than the pre–1993 bills. The replaced water meter had been installed in 1967 and had never been tested, maintained, or serviced during the approximately twenty-six years that it was in service. During the first few months of 1993, no water leaks occurred and no repairs were made to the Halls' plumbing. As noted by Judge Baker in his dissent from the Court of Appeals's Memorandum Decision, the increase is even more pronounced when comparing the actual water usage rather than the dollar amounts of the bills. Judge Baker points out that before 1993, the average monthly water usage was 115 cubic feet, but during each of the first three months of 1993, it was 635 cubic feet, more than five times the prior monthly average. In its judgment order, the trial court stated:

[G]iven the age of the water meter, the lack of maintenance on that meter, the testimony of Plaintiffs regarding the lack of leaks or repairs, the radical increase in the water consumption reported by the old meter for the first quarter of 1993, and the fact that the water consumption dropped back upon replacement of the meter to a level consistent with the water consumption experienced by Plaintiffs prior to the first quarter of 1993, the Court finds that the Plaintiffs have shown, by a preponderance of the evidence, an entitlement to recover the difference between [the] March, 1993 water bill and their average water bill.

Record at 23.

■ Refraining, as we must, from reweighing evidence and reassessing witness credibility, and considering only the evidence favorable to the judgment, we disagree with the city's contention that the findings and judgment of the trial court are clearly erroneous. We find that the trial court judgment is supported by probative evidence.

We grant transfer, vacate the decision of the Court of Appeals, and affirm the judgment of the Jay Superior Court.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.