**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANTS PRO SE:

**MICHAEL BUTLER**
**AMANDA BUTLER**
Paoli, Indiana

APPELLEES PRO SE:

**JERRY HALL**
**SUSAN HALL**
Nashville, Indiana



FILED

Aug 27 2012, 9:46 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL BUTLER and AMANDA BUTLER, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 07A01-1111-SC-521 |
| | ) | |
| JERRY HALL and SUSAN HALL, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE BROWN CIRCUIT COURT
The Honorable Judith A. Stewart, Judge
The Honorable Douglas E. Van Winkle, Magistrate
Cause No. 07C01-1106-SC-45

**August 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Michael and Amanda Butler appeal the small claims court's judgment in favor of Jerry and Susan Hall. Because the Butlers' argument is inadequate to demonstrate error, we affirm.

## FACTS AND PROCEDURAL HISTORY

In August 2008, the Butlers began renting a house from the Halls. At the beginning of June, 2011, the Butlers contacted the Halls and asked for an extension, until June 8, to pay the rent due June 1. On June 11, Michael Butler alleged the rental home had been damaged by a storm, and Jerry Hall visited the home to view the alleged damage. At that meeting, Jerry told Michael he had until June 13 to pay the rent. After this meeting, the Halls demanded rent and the Butlers demanded repairs to the home. On June 14, at the Butlers' request, the Brown County Health Department visited the home. The Health Department condemned the home, and the Butlers finished moving out on June 20.

Also on June 20, the Butlers filed a small claims action against the Halls, alleging damages in the form of costs for alternative housing, moving expenses, and loss of personal property allegedly ruined by the storm damage. The Halls counterclaimed for breach of lease, unpaid utility bills, and damage to the house. After two hearings, the court denied the Butlers' claim for damages, denied the Halls' claim for property damage, and found for the Halls on their counterclaim for lost rent up to June 20, fees for late rent payment, and unpaid utilities. Included in the court's findings was an explicit finding that "the court believes the [Butlers] largely staged the alleged water damage and faulty electrical box claims they made

2

to the health department." (Appellants' Br.[1] at 13.) The court ordered the Butlers to pay $88, which was the difference between the court's $938 judgment for the Halls and the Butlers' $850 security deposit, which was still in the Halls' possession.

## DISCUSSION AND DECISION

We begin by noting the inadequacy of the Butlers' argument on appeal. Our Appellate Rules state the argument "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on," Ind. App. R. 46(A)(8)(a), and it should include "a concise statement of the applicable standard of review." App. R. 46(A)(8)(b). Failure to follow our Rules can result in waiver of an appeal and the issues therein. *See Angleton v. Estate of Angleton*, 671 N.E.2d 921, 924 n.3 (Ind. Ct. App. 1996), *trans. denied* ("*Pro se* litigants must follow the rules of appellate procedure.")

The following paragraph is the entirety of the Argument section of the Butlers' brief:

> This is a cut and dry case our rental house got storm damage the landlord refused to fix it. So the Health Department was called out to the rental house a determined it was unfit for human habitation. We had to move out of the house and stay in a hotel because the landlord didn't fix the house and the Health Department condemned the house.

(Appellants' Br. at 10) (errors in original). As the Butlers did not provide a standard of review or cite relevant law or the Record, their argument does not comply with Appellate Rule 46(A)(8).

Moreover, that argument is insufficient to permit us to reverse the judgment for the

---

[1] Although the Butlers filed an Appendix, they did not place a copy of the small claims court's judgment therein; we therefore cite the copy in their brief.

Halls. Our standard of review in small claims cases is particularly deferential in order to preserve the speedy and informal process for small claims. *City of Dunkirk Water & Sewage Dept. v. Hall,* 657 N.E.2d 115, 116 (Ind. 1995). The small claims court is the sole judge of the evidence and the credibility of witnesses, and thus, on appeal, we will not reweigh the evidence or assess the credibility of witnesses. *Id.* A plaintiff who seeks damages bears the burden of proving those damages by a preponderance of the evidence. *Eppl v. DiGiacomo*, 946 N.E.2d 646, 649 (Ind. Ct. App. 2011). If the court rules against the party with the burden of proof, it enters a negative judgment that we may not reverse for insufficient evidence unless "the evidence is without conflict and leads to but one conclusion, but the court reached a different conclusion." *Id.*

Thus the Butlers, who had the burden of proof on their claim against the Halls, needed to demonstrate that every piece of evidence presented at trial supported their claim, and no evidence supported the Halls' claim. The Butlers' one paragraph argument, which was devoid of citation to the Record, was insufficient to demonstrate "the evidence [was] without conflict" and permitted only a judgment in their favor. *See id.* (appellate court will not reweigh evidence). Accordingly, we may not reverse the small claims court's judgment.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.