**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 16 2013, 6:59 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**SUSAN BERG**
North Vernon, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|   |   |   |
|---|---|---|
| SUSAN BERG, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 40A04-1210-SC-530 |
| | ) | |
| WANDA PETERS RICE a/k/a WANDA COLEMAN, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE JENNINGS SUPERIOR COURT
The Honorable Gary L. Smith, Judge
Cause No. 40D01-1205-SC-280

**July 16, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Susan Berg appeals the small claims court's judgment in favor of Wanda Peters Rice, a/k/a Wanda Coleman ("Coleman"). We affirm.

## Issue

Berg raises numerous issues, which we consolidate and restate as whether the small claims court properly determined that Coleman was not in breach of a real estate purchase contract.

## Facts

On April 29, 2010, Berg entered into a Real Estate Purchase Contract with Coleman in which Coleman agreed to purchase Berg's property for $13,500 with 3.5% interest by making monthly payments of $301.81 for forty-eight months. In the contract, Coleman agreed to pay the real estate taxes and Country Squire Lakes ("CSL") membership dues. Coleman also agreed as follows:

> If Purchaser fails to comply with any one part of this contract, Purchaser will be in default and will immediately forfeit any monies paid toward the purchase and improvement of the property and Purchaser will also be required to pay the Seller an additional $2,000.00.

Defendant's Ex. 1. p. 2. The parties later agreed that Coleman would pay $151.00 twice a month instead of paying $301.81 once a month.

On May 25, 2012, Berg filed a small claims notice seeking Coleman's eviction and damages. After a hearing, the small claims court entered the following order:

> On May 25, 2012 Plaintiff Susan Berg filed this claim against Wanda Coleman claiming (among other things) damages for "past due rent." On June 11, 2012 Ms. Berg

2

filed a more specific complaint stating, in part, that the Defendant leased real estate from the Plaintiff and requested damages. However, this agreement between the parties is clearly captioned "Real Estate Purchase Contract" (Exhibit 1). It is clear to the Court that agreement between the parties was not a rental agreement, but rather a Real Estate Purchase Contract.

At contested hearings, both parties introduced several financial records that were often confusing at best and sometimes incomplete. Since the conclusion of this last hearing held on September 7, 2012, Ms. Berg has dismissed her attorney and now proceeds Pro Se. Ms. Berg has filed several pleadings attempting to introduce additional evidence or to correct or clarify other exhibits. (Copies have been provided to opposing counsel).

The purchase price of the real estate was $13,500 as stated in the April 29, 2010 contract. Plaintiff's figures show that Defendant paid $7,032 and $7,283 depending upon which exhibit is referred to. Even considering Plaintiff's corrected exhibit, Defendant is reported to be only $518.00 behind after paying over $7,000.00. Defendant claims to have paid $7,534.00, resulting in an over payment of $139.56 as of May 31, 2012. Whether we use Plaintiff's or Defendant's figures, Defendant has paid over 50% of the purchase price.

The burden of proof is on the Plaintiff to show that the Real Estate Purchase Contract was violated by Defendant in such a manner as to cancel the contract. The Court finds that Plaintiff's figures were confusing, incomplete and sometimes inaccurate. (Even after Plaintiff's numerous efforts to correct or clarify them). By comparison, Defendant's calculations appeared to be accurate and consistent with the other evidence.

The Court therefore finds that as of May 31, 2012 Defendant has overpaid her obligation under the Purchase Agreement by $139.56 and is NOT in violation of the contract. The Court further finds that the Real Estate Purchase Contract between the parties remains in full effect and Mr. Hamilton is ordered to release the funds (paid into

3

his escrow account by the Defendant) to the extent necessary
to bring the payments up to date as of the date of this order.

Small Claims Court Order dated Sept. 20, 2012 pp. 1-2. Berg now appeals.

**Analysis**

Berg argues that the small claims court erred when it determined that Coleman was not in breach of the real estate purchase contract.[1] We initially note that Coleman did not file an appellee's brief. When an appellee fails to submit a brief, we will not undertake the burden of developing arguments for the appellee. Ramsey v. Ramsey, 863 N.E.2d 1232, 1237 (Ind. Ct. App. 2007). In these situations, we apply a less stringent standard of review with respect to showings of reversible error, and we may reverse the small claims court's decision if the appellant can establish prima facie error. Id. In this context, prima facie error is defined as "at first sight, on first appearance, or on the face of it." Id.

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Under Indiana Trial Rule 52(A), the clearly erroneous standard applies to appellate review of facts determined in a bench trial with due regard given to the opportunity of the small claims court to assess

---

[1] Although Berg is proceeding pro se in this appeal, we note that pro se litigants are held to the same standard as licensed lawyers. In re Estate of Carnes, 866 N.E.2d 260, 265 (Ind. Ct. App. 2007). Indiana Appellate Rule 50 provides that the appellant's appendix shall contain copies of pleadings and other documents from the Clerk's Record. Further, Indiana Appellate Rule 46 provides that appellant's brief must contain a table of authorities and a summary of the arguments and the argument must contain a standard of review and cogent reasoning supported by citations to authorities, statutes, and the appendix or part of the record on appeal. Berg failed to file an appendix, and her appellant's brief does not contain a table of authorities, summary of the arguments, a standard of review, or cogent reasoning supported by citations to any authority. Berg's failure to follow the appropriate appellate rules has hampered our review of her appeal, but we have elected to review it on the merits.

witness credibility.  Trinity Homes, LLC v. Fang, 848 N.E.2d 1065, 1067 (Ind. 2006). This "deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" Id. at 1067-68 (quoting City of Dunkirk Water & Sewage Dep't v. Hall, 657 N.E.2d 115, 116 (Ind. 1995)).

Berg argues that the small claims court's decision is erroneous because: (1) Coleman failed to make the May 1, 2010 payment; (2) the January 28, 2011 payment of $151.00 was repayment for a personal loan; (3) the June 28, 2011 payment of $175.00 was repayment for a personal loan; (4) Coleman breached the contract because she was late on payments; (5) Coleman had not paid half of the purchase price at the time of the hearing; (6) Coleman had failed to pay the CSL membership dues as required by the contract; and (7) the trial court failed to address CSL membership dues owed by Coleman.[2]  Berg argues that Coleman breached the contract and that she is entitled to immediate possession of the property and damages.

We first note, as the trial court did, that Berg treats the contract as a rental agreement and, in effect, is requesting that Coleman be evicted from the property. However, the contract is clearly for the sale of the property, not the lease of the property. Thus, the contract is more in the nature of a land contract, and Berg's request would result in Coleman's forfeiture of her payments.

---

[2] Although Berg concedes that she is not allowed to present additional evidence on appeal, she attempts in her brief to present new evidence regarding her bank records.  We do not consider that evidence in the appeal.

Our courts have noted that such forfeitures are disfavored. <u>McLemore v. McLemore</u>, 827 N.E.2d 1135, 1140 (Ind. Ct. App. 2005) (citing <u>Skendzel v. Marshall</u>, 261 Ind. 226, 301 N.E.2d 641 (1973), <u>cert. denied</u>). The <u>Skendzel</u> court determined that "a land sales contract is akin to a mortgage and, therefore, the remedy of foreclosure is more consonant with notions of fairness and justice." <u>Id.</u> (citing <u>Skendzel</u>, 261 Ind. at 241, 301 N.E.2d at 650). "Forfeiture may be considered an appropriate remedy only in the limited circumstances of: (1) an abandoning or absconding vendee or (2) where the vendee has paid a minimal amount and the vendor's security interest in the property has been jeopardized by the acts or omissions of the vendee." <u>Id.</u> (citing <u>Morris v. Weigle</u>, 270 Ind. 121, 125, 383 N.E.2d 341, 344; <u>Skendzel</u>, 261 Ind. at 240, 301 N.E.2d at 650; <u>Parker v. Camp</u>, 656 N.E.2d 882, 885 (Ind. Ct. App. 1995)).

Coleman did not abandon the property or abscond. Additionally, the trial court noted that "[w]hether we use Plaintiff's or Defendant's figures, Defendant has paid over 50% of the purchase price." Order at 1. Berg argues that Coleman had not paid over half of the purchase price when interest, membership dues, and a $2,000.00 penalty for breach of the contract are considered. As noted below, we conclude that Berg failed to show Coleman breached the contract and, thus, inclusion of the $2,000.00 penalty is inappropriate. Regardless, we conclude that Coleman paid a substantial amount of money and there is no indication that Berg's security interest in the property had been jeopardized. Thus, forfeiture, as Berg requests, would be inappropriate.[3]

---

[3] Berg did not file a foreclosure action.

Further, the trial court found that Coleman had not breached the contract. Berg claims that $7,550 was owed on the contract and that Coleman did not make several payments. However, Coleman presented evidence and testimony that she had currently overpaid on the contract. Coleman claimed that she had made $7,534 in payments to Berg and that $7,394.44 was owed under the contract. Coleman disputed the alleged personal loan payments and explained the discrepancy regarding the May 1, 2010 payment. The trial court found Berg's testimony less credible than Coleman's testimony, and we cannot reweigh the evidence.

As for Berg's contention that Coleman failed to make timely payments, Coleman conceded that some of the payments were late. However, "when both parties to a contract acquiesce to a delay, neither side can suddenly declare the contract rescinded and simply walk away. Notice must be given to the other party along with an opportunity to perform within a reasonable time." Scott-Reitz Ltd. v. Rein Warsaw Associates, 658 N.E.2d 98, 104 (Ind. Ct. App. 1995). The evidence seems to indicate that Berg acquiesced to late payments for quite some time, and there is no evidence that Berg gave Coleman notice that she would require strict performance of the contract.

Berg also argues that Coleman breached the contract by failing to pay the CSL membership dues. Coleman presented evidence that she had been making payments on the membership dues and that Berg instructed her to stop paying them because Berg was arguing with the CSL members. Coleman complied with Berg's instructions, but she later resumed making payments to the CSL. Although the small claims court did not specifically address the membership dues, it did find that Berg failed to meet her burden

7

of showing that the contract was "violated by Defendant in such a manner as to cancel the contract," and it found that Coleman had not breached the contract. We cannot say that the small claims court erred in this conclusion. See, e.g., Gibson v. Neu, 867 N.E.2d 188, 195 (Ind. Ct. App. 2007) (discussing substantial performance of a contract provision).

**Conclusion**

Berg has failed to make a prima facie showing of error. The small claims court properly found that Coleman did not breach the contract. Consequently, the small claims court properly entered judgment against Berg and for Coleman. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.