Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 04 2014, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**DOLEN GLENN**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| DOLEN GLENN | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 77A01-1401-SC-25 |
| | ) | |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE SULLIVAN SUPERIOR COURT
The Honorable Robert E. Springer, Judge
Cause No. 77D01-1307-SC-533

**September 4, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Dolen Glenn ("Glenn") filed a small claims action in Sullivan Superior Court against the Indiana Department of Correction ("DOC") requesting damages for Glenn's personal property that was confiscated from him and subsequently lost or destroyed when the DOC transferred him to the Wabash Valley Correctional Facility. The trial court entered judgment in the DOC's favor and Glenn appeals. Glenn claims that he presented sufficient evidence to establish the value of his confiscated personal property.

We affirm.

### Facts and Procedural History

On August 21, 2012, Glenn, an inmate in the Department of Correction, was transferred to the Wabash Valley Correctional Facility. On that date, certain prohibited property was removed from Glenn's possession. On September 6, 2012, a second box of Glenn's property was transferred to the correctional facility. That property was also on the prohibited list of personal items and was confiscated. Glenn's confiscated property included cat toys, a waste basket, gloves, a whisk broom, a hat with medals, a "Harley" clock, and a prayer rope.

One box of Glenn's property was to be mailed to an individual in Michigan, which the DOC allows but only if the inmate has funds to pay the postage. The second box of Glenn's confiscated property was sent to the visitor room to be gate-released, which is also allowed under DOC regulations. However, the second box of confiscated property was not picked up and was therefore sent to the facility's mail room. Because Glenn did not have the funds to pay postage to mail the second box of confiscated property, the box was returned to the DOC's Receiving and Release Department. Glenn's property was

2

likely later destroyed due to the DOC's policy to destroy confiscated property that is not mailed or gate released sixty days after it is removed from the inmate.

On July 16, 2013, Glenn filed a small claims action against the DOC claiming damages for his lost or destroyed confiscated personal property. A hearing was held on December 11, 2013. The small claims court determined that Glenn failed to prove his damages by a preponderance of the evidence and entered judgment in favor of the DOC. Glenn now appeals.

## Standard of Review

Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). "We review facts from a bench trial under a clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility." Branham v. Varble, 952 N.E.2d 744, 746 (Ind. 2011). "This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting." Berryhill v. Parkview Hosp., 962 N.E.2d 685, 689 (Ind. Ct. App. 2012). "In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses, but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence." City of Dunkirk Water & Sewage Dep't v. Hall, 657 N.E.2d 115, 116 (Ind. 1995).

Glenn is appealing from a negative judgment, i.e. a judgment entered against a party who bears the burden of proof. See Garling v. Ind. Dep't of Natural Res., 766

3

N.E .2d 409, 411 (Ind. Ct. App. 2002), <u>trans. denied</u>. We will not reverse a negative judgment unless "the evidence is without conflict and leads to but one conclusion, but the trial court reached a different conclusion." <u>Eppl v. DiGiacomo</u>, 946 N.E.2d 646, 649 (Ind. Ct. App. 2011).

**Discussion and Decision**

The trial court concluded that Glenn failed to prove his claimed damages by a preponderance of the evidence. A plaintiff need not prove with mathematical certainty the amount of damages suffered, but instead, must prove the amount of damages with "reasonable certainty." <u>R & R Real Estate Co., LLC v. C & N Armstrong Farms, Ltd.</u>, 854 N.E.2d 365, 370 (Ind. Ct. App. 2006). <u>See</u> <u>also</u> <u>Ponziano Constr. Servs. Inc. v. Quadri Enters., LLC</u>, 980 N.E.2d 867, 873 (Ind. Ct. App. 2012) (stating that a damage calculation must be supported by evidence in the record and may not be based on mere conjecture, speculation, or guesswork); <u>Indiana Univ. v. Indiana Bonding & Sur. Co.</u>, 416 N.E.2d 1275, 1288 (Ind. Ct. App. 1981) (concluding that an award of compensatory damages must be supported by evidence which affords a legal basis for measuring the claimant's loss and that damages must be ascertainable in some manner other than by mere speculation, conjecture or surmise).

Glenn's box of confiscated property, which was lost or destroyed, included leather gloves, a Harley clock, clipboard, prayer bracelet, "hat with nine medals", a whisk broom, book, and a leather belt. Ex. Vol., Plaintiff's Ex. A. His claimed damages were $335. <u>See</u> Appellant's App. p. 20. The measure of damages for the destruction of personal

4

property is the fair market value at the time of loss. <u>Lachenman v. Stice</u>, 838 N.E.2d 451, 466 (Ind. Ct. App. 2005), <u>trans. denied</u>.

Glenn's claimed damages totaling $335 was based solely on speculation. The only evidence admitted to establish the value of Glenn's confiscated property was Glenn's own opinion of what he believed the property was worth. However, the trial court was not required to credit Glenn's uncontradicted testimony. <u>See</u> <u>Wood v. State</u>, 999 N.E.2d 1054, 1064 (Ind. Ct. App. 2013) (stating that the factfinder is not required to believe a witness's testimony even if it is uncontradicted), <u>trans. denied</u>. Because Glenn did not provide any credible evidence that would establish the fair market value of the property, Glenn failed to prove his claimed damages. For all of these reasons, we affirm the judgment of the small claims court.

Affirmed.

RILEY, J., and CRONE, J., concur.