**MEMORANDUM DECISION**

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 17 2016, 9:05 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jonathan A. Leachman
Fifer Law Office
New Albany, Indiana

APPELLEE PRO SE

Marie D. Jackson
Crestwood, Kentucky

IN THE

# COURT OF APPEALS OF INDIANA

Steven D. Brazell,

*Appellant-Defendant,*

v.

Marie Dezi Jackson,

*Appellee-Plaintiff*

March 17, 2016

Court of Appeals Case No. 22A01-1505-SC-310

Appeal from the Floyd Superior Court

The Honorable James B. Hancock, Judge

The Honorable Julie Fessel Flanigan, Magistrate

Trial Court Cause No. 22D02-1411-SC-1137

**Vaidik, Chief Judge.**

# Case Summary

Steven Brazell contracted with Marie Jackson to refinish and expand Jackson's aging asphalt driveway. Shortly after Brazell completed his work, the driveway began to deteriorate, and Jackson sued Brazell in small-claims court. The court, after hearing testimony from both Jackson and Brazell, ruled in favor of Jackson and ordered Brazell to pay damages in the amount of the contract price. Brazell now appeals, arguing that the evidence presented to the small-claims court is insufficient to support the judgment. We disagree and affirm the judgment.

# Facts and Procedural History

In August 2010, Brazell and Jackson entered into a written agreement by which Jackson agreed to pay Brazell $2,975.00 to repair Jackson's cracked asphalt driveway, construct an addition for turnaround space or extra parking, and perform decorative "stamping." Specifically, the parties' written agreement required Brazell to do the following:

1. To clean existing drive to be stamped with a pattern design.

2. Grout out any vegetation.

3. Excavate 1 area about 12' x 15' area [and] pave excavated areas.

4. Heat up existing asphalt, taking out any cracks.

5. Bring asphalt back to normal state, and stamp with layout design.

6. Spray the colors that are pic [sic] out by customer.

7. Add on for turnaround or extra parking about 12' x 18' area and bring up level at entrance.

Appellant's App. p. 6. Jackson asked for the main surface to be painted sandstone and for the borders to be painted burnt sienna.

[3] Even though the contract was signed in August 2010, Brazell did not complete his work until July 2012. When he finished, Jackson noticed that the colors were not the ones that she had picked, but she did not complain to Brazell or take any action against him because, she later testified, "[I]t's been two (2) years and it's completed. I'm finished. I don't have to do this anymore." Tr. p. 19. However, within a couple of months, the driveway started "deteriorating" and "crumbling." *Id.* Jackson contacted an independent paving contractor, who told her that she had "a substandard base on her driveway." *Id.* at 21; *see also id.* at 28-31. Jackson then filed a small-claims action against Brazell.

[4] At trial, both parties testified and submitted documents and photographs to the court. The court took the matter under advisement and later issued a judgment in favor of Jackson and against Brazell in the amount of $2,975.00 (the contract price) plus court costs.

# Discussion and Decision

[5] Brazell challenges the judgment of the small-claims court on two grounds. First, he argues that the evidence presented to the court does not support its finding that he breached the contract or any duty he owed to Jackson. Second, he contends that even if we uphold the finding of a breach, the small-claims court's damages award is not supported by the evidence and must be reversed.

[6] Small-claims judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). "In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment 'unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.'" *City of Dunkirk Water & Sewage Dept. v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995) (quoting Ind. Trial Rule 52(A)). In determining whether a judgment is clearly erroneous, the appellate court does not reweigh the evidence or determine the credibility of witnesses but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.* A judgment in favor of the party that had the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence. *Id.* "This deferential standard of review is particularly important in small-claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'" *Id.* (quoting Ind. Small Claims Rule 8(A)).

# I. Breach

Brazell first asserts that the evidence presented at trial is insufficient to support a conclusion that he breached the contract or any duty he owed to Jackson. While the small-claims court did not explain the basis for its decision, either on the record or in its written judgment, we presume that it correctly applied the law, and we must affirm if the judgment is sustainable on any legal theory. *Brandeis Machinery & Supply Co. v. Capitol Crane Rental, Inc.*, 765 N.E.2d 173, 176 (Ind. Ct. App. 2002). We conclude that the small-claims court's judgment is sustainable based on the implied warranty of workmanlike performance.

"In a contract for work, there is an implied duty to do the work skillfully, carefully, and in a workmanlike manner." *Homer v. Burman*, 743 N.E.2d 1144, 1147 (Ind. Ct. App. 2001), *reh'g denied*. "Negligent failure to do so is a tort, as well as a breach of contract." *Id*. Here, Brazell agreed to refurbish and expand Jackson's aging asphalt driveway. Jackson acknowledged that Brazell completed the work that she paid him to do, but she also testified that her driveway started deteriorating and crumbling within a couple of months thereafter. This evidence supports a conclusion that Brazell did not complete the project "skillfully, carefully, and in a workmanlike manner." *See id*.

Brazell's main argument, though, is that any deficiencies in his own work are irrelevant because Jackson herself acknowledged that the deterioration and crumbling were the result of a "substandard base." Brazell says that "[t]he

undisputed evidence at trial was that [he] did not build, disturb or perform any work on the base of Jackson's driveway." Appellant's Br. p. 14.

[10] The first problem with Brazell's assertion is that he did, in fact, create the base for the addition to the driveway. Jackson testified at trial that both her original driveway *and* the section that Brazell added started deteriorating after Brazell finished the project. Tr. p. 27, 29, 40-41.

[11] As for the original driveway, even if the base was substandard before Brazell began his work, that fact would not preclude his liability. He agreed, in writing, to "[h]eat up [the] existing asphalt, taking out any cracks" and to "[b]ring [the] asphalt back to [its] normal state." Appellant's App. p. 6. The agreement does not contain any sort of disclaimer or exception relating to the condition of the base, and Brazell did not present any evidence that Jackson ever acknowledged or assumed any risk that the condition of the surface could be affected by the condition of the base. In other words, Brazell agreed to return Jackson's driveway to its "normal" (uncracked) state *irrespective* of the condition of the base. Because it is undisputed that the driveway began to deteriorate and crumble shortly after Brazell completed his work, the small-claims court was justified in ruling against him and in favor of Jackson.

## II. Damages

[12] Brazell also asserts that even if the evidence supports a conclusion that he performed subpar work, the small-claims court's award of damages is not supported by the evidence and should be reversed. "Our review of a damages

award is limited." *Sheek v. Mark A. Morin Logging, Inc.*, 993 N.E.2d 280, 287 (Ind. Ct. App. 2013), *trans. denied*. "We do not reweigh the evidence or judge the credibility of witnesses, and we will reverse an award only when it is not within the scope of the evidence before the finder of fact." *Id.*

[13] Brazell correctly notes that "[a] damage award must be referenced to some fairly defined standard[.]" Appellee's Br. p. 14 (quoting *Fowler v. Campbell*, 612 N.E.2d 596, 603 (Ind. Ct. App. 1993)). However, he cites no authority for the proposition that the full contract price cannot be the "fairly defined standard" in a case like this. Jackson paid Brazell $2,975.00 to improve her aging and cracked driveway, and she testified that the driveway returned to a crumbling state shortly after Brazell completed his work. That is, Jackson testified that Brazell did not do what he was paid to do. The small-claims court must have credited Jackson's testimony, and its damages award plainly falls within the scope of the evidence.

[14] Affirmed.

Bailey, J., and Crone, J., concur.