## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2018, 6:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Marcy Wenzler
Indiana Legal Services, Inc.
Bloomington, Indiana

Brandon Beeler
Indiana Legal Services, Inc.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Christine L. Bartlett
Ferguson Law
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Glenny Cornwell and James Cornwell, *Appellants-Defendants,* <br><br> v. <br><br> Bloomington Housing Authority, *Appellee-Plaintiff.* | October 18, 2018 <br><br> Court of Appeals Case No. 53A01-1712-SC-2880 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Valeri Haughton, Judge <br><br> Trial Court Cause No. 53C08-1704-SC-779 |

**Robb, Judge.**

# Case Summary and Issue

[1] After Glenny Cornwell failed to complete community service hours required by her lease agreement with the Bloomington Housing Authority ("BHA"), BHA filed a small claims ejectment action against Cornwell and the trial court ordered Cornwell to vacate the premises. This case presents one issue for our review: whether the trial court's judgment was clearly erroneous. Concluding it is not, we affirm.

# Facts and Procedural History

[2] On April 12, 2012, Cornwell signed a one-year lease agreement with automatic renewal with the BHA to rent a unit located on East Miller Drive in Bloomington, Indiana. The lease contained a Community Service and Economic Self-Sufficiency Requirement ("CSSR"), which required each adult resident of BHA to perform or participate in community service, an economic self-sufficiency program such as substance abuse or mental health counseling, or a combination of the two for eight hours each month unless he or she was otherwise exempt from the requirement. Among the exemptions to the CSSR are any individuals who are in a family receiving assistance under a welfare program of the State of Indiana, including the Supplemental Nutrition Assistance Program ("SNAP"), and who are in compliance with the program.

[3] Originally, BHA mistakenly told Cornwell that her family was exempt from the CSSR because they received food stamps through SNAP. However, due to

Cornwell's prior felony conviction, she was not eligible for food stamps although she remained head of the family's SNAP assistance group and payee for benefits. On October 1, 2012, BHA notified Cornwell via letter that she was not exempt from the CSSR and failure to comply would result in non-renewal and termination of her lease agreement with BHA.

[4] After Cornwell signed the original lease in 2012, she renewed her lease each year for the following four years by signing an Addendum to the original lease at the annual recertification.[1] During this time, BHA sent Cornwell several notices reminding her that she was required to complete community service.[2]

[5] Cornwell did not report any community service hours to BHA until May 2015 when she reported 248 hours for babysitting for another resident while the resident attended school in 2014 and BHA credited the additional hours over the requirement for the period.

[6] On April 1, 2016, Cornwell signed three documents: (1) an Addendum to renew her lease from April 2016 to April 2017; (2) a CSSR Annual Renewal Form, which stated she was required to perform eight hours of community service; and (3) a Non-Compliance Agreement, which stated Cornwell's

[1] On February 14, 2013, she renewed her lease for April 2013 to April 2014. On January 27, 2014, she renewed her lease from April 2014 to April 2015, and she signed another Addendum on May 14, 2014 to renew her lease from April 2015 to April 2016.

[2] BHA sent Cornwell letters on February 21, 2013, February 7, 2014, May 14, 2015, and March 31, 2016, advising her that she was required to comply with the CSSR.

household failed to comply with the CSSR requirement for the lease term ending in 2016 and required Cornwell to make up her past due eighty-eight hours plus new hours by January 2017.[3]

[7] After Cornwell's mother died in 2016, Cornwell moved from the Miller Drive unit to a different BHA unit on 13th Street in Bloomington, Indiana, where her mother had resided with Cornwell's two adult children. On May 26, 2016, Cornwell signed a new lease agreement for the 13th Street unit for a lease term through May 26, 2017.

[8] On February 6, 2017, BHA sent Cornwell an official letter notifying Cornwell that BHA would terminate the lease at the end of Cornwell's current lease term on March 30, 2017 if she failed to comply with the CSSR.[4] The letter provided BHA's basis for termination, namely Cornwell owed 168 hours of community service, including past due and newly accumulated hours since she signed the Community Service Non-Compliance Agreement in 2016. The letter stated, in part: "The [BHA] cannot renew your lease until you comply with this requirement. If you do not complete these hours by [March 15, 2017], the BHA will be forced to file eviction against you." Exhibits, Vol. I at 45.

---

[3] BHA's original Non-Compliance Agreement signed by Cornwell incorrectly stated that her household failed to perform the CSSR for the term ending in 2017; however, at trial, BHA amended this to reflect the correct lease term ending in 2016. *See* Transcript, Volume I at 16.

[4] BHA sought termination based on the lease agreement and 24 C.F.R. 960.607(b): "If, after the 12 month cure period, the family member is still not compliant, the PHA must terminate tenancy of the entire family, according to the PHA's lease, unless the family provides documentation that the noncompliant resident no longer resides in the unit." Exhibits, Volume I at 44.

[9] On February 14, 2017, Cornwell submitted a grievance letter to BHA addressing the notice of termination. BHA scheduled an informal settlement meeting for March 2 to discuss the termination that was later rescheduled for March 30 at Cornwell's request, which Cornwell then did not attend. BHA sent a letter to Cornwell on March 30, stating BHA would reschedule the appointment if Cornwell could show "good cause for failing to appear" and if she failed do so before April 8, 2017, BHA would proceed with the terminating Cornwell's lease. Exhibits, Vol. I at 48. Cornwell did not respond.

[10] BHA filed a small claims ejectment action against Cornwell on April 13, 2017, and an eviction hearing was held on May 23. Prior to and at trial, Cornwell presented evidence verifying she had met her community service requirement by attending therapy treatment for her opioid addiction. Cornwell also presented evidence she cleaned her neighbor's apartment. The trial court ordered Cornwell to vacate her apartment by June 14 and scheduled a hearing on damages. On September 1, the parties filed a stipulation of dismissal on all pending claims which the trial court approved. On September 30, Cornwell filed a Motion to Correct Error, arguing she was exempt from the CSSR and should not have been evicted. After her motion was deemed denied by the

failure to set a hearing within forty-five days, Cornwell filed a timely notice of appeal.[5]

# Discussion and Decision

## I. Standard of Review

[11] This court reviews the facts from a bench trial under the clearly erroneous standard and questions are of law are reviewed de novo. *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). "On appeal of claims tried by the court without a jury . . . [we] shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A). In determining whether clear error has occurred, we do not reweigh the evidence or determine the credibility of the witnesses. *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995). We only consider the evidence that "supports the judgment and the reasonable inferences to be drawn from that evidence" and we will affirm a judgment in favor of a party carrying the burden of proof if the

---

[5]A motion to correct error must be filed no later than 30 days from the entry of a final judgment. Ind. Trial Rule 59(C). Following the trial court's approval of the parties' stipulation of dismissal as to all pending claims on September 1, Cornwell timely filed her Motion to Correct Error on September 30. If a trial court fails within 45 days to set a hearing on a motion to correct error, the motion is deemed denied and a party has 30 days after the motion is deemed denied to file a Notice of Appeal. T.R. 53.3(A). Here, Cornwell's Motion to Correct Error was deemed denied on November 14, 2017, 45 days after filing, because the trial court did not set the December 6 hearing until November 22. Therefore, Cornwell timely filed her Notice of Appeal on December 14, within 30 days of the Motion being deemed denied.

evidence demonstrates that a reasonable trier of fact could find that the party established the elements of its claim by a preponderance of evidence. *Id.*

# II. Waiver

Cornwell argues the trial court erred by entering an order for her eviction because she was exempt from community service as a member of a SNAP household and BHA failed to follow its own CSSR requirements and policies for terminating her lease. BHA contends Cornwell "asserted numerous arguments [in her Motion to Correct Error] that she failed to previously raise [at trial]." Brief of Appellee at 13. Therefore, before proceeding to the merits of Cornwell's argument, we first address the issue of waiver.

"Waiver is a threshold issue because generally a party is precluded from presenting an argument or issue to Indiana appellate courts unless the party first raised that argument or issue to the trial court." *Thalheimer v. Halum*, 973 N.E.2d 1145, 1150 (Ind. Ct. App. 2012). Therefore, a party may not raise an issue for the first time on appeal. *N.C. v. Ind. Dep't of Child Servs.*, 56 N.E.3d 65, 69 (Ind. Ct. App. 2016), *trans. denied*. The rule of waiver protects the trial court's integrity and exists because trial courts hear and weigh the evidence, judge the credibility of witnesses, apply the law to the facts, and decide the questions raised by the parties whereas this court evaluates questions of law and the sufficiency of evidence supporting a trial court's decision. *Thalheimer*, 973 N.E.2d at 1150. A trial court "cannot be found to have erred as to an issue or argument that it never had an opportunity to consider." *Id.* (quotation

omitted). Similarly, arguments presented in a motion to correct error that were not presented at trial do not preserve the issues for review on appeal.[6] *Id.*

[14] At no time during trial did Cornwell argue she was exempt from the CSSR because she was in a household receiving food stamps. At trial, although Cornwell testified BHA told her she was exempt from the CSSR, BHA presented evidence Cornwell was not eligible for food stamps, and BHA stated Cornwell was not exempt from the CSSR. However, Cornwell did not object to this evidence or argue she was exempt from the requirement. In fact, the record reveals that the bulk of the trial was comprised of a discussion of Cornwell's compliance with the CSSR, including whether certain activities counted toward the CSSR.

[15] For the first time in her Motion to Correct Error, Cornwell argued she was exempt from the CSSR under 24 C.F.R. 960.601 as a member of a family receiving assistance under SNAP. *See* Appellant's Appendix, Volume II at 27-28. Similarly, for the first time on appeal, Cornwell raises the BHA's alleged failure to comply with its CSSR requirements and termination policies. Although Cornwell stated at trial that she did not receive the BHA's notices reminding her of the CSSR requirement, Cornwell did not argue at trial that

---

[6] In fact, this court has noted the potential consequences of allowing motions to correct error to include issues not raised to the trial court, namely, that such motions "might contain a bevy of untimely objections, petty complaints regarding the logistical presentation of evidence, attempts to rework trial strategies that did not work well, and other untimely arguments that would distract from the purpose of a motion to correct error." *Id.*

BHA failed to follow its own policies and notice requirements for termination, nor did she argue BHA wrongfully evicted her prior to the end of her lease agreement.

[16] Cornwell argued she was exempt from the CSSR requirement for the first time in her Motion to Correct Error and did not argue that BHA failed to follow its policies until this appeal. Therefore, Cornwell has waived appellate review of these issues.

## III. Compliance with the CSSR

[17] Cornwell argues that even if she was subject to the CSSR, BHA still should not have terminated her lease because she was in "substantial compliance" with the requirement. Appellant's Brief at 27. Specifically, Cornwell argues that her visits with her doctor in Fishers, Indiana, where she received substance abuse treatment for opioid addition, qualified as "substance abuse or mental health counseling[,]" an eligible community service activity under BHA policy. *Id.* As of February 6, 2017, Cornwell owed 168 hours of community service, including past due and newly accumulated hours since she signed the Community Service Non-Compliance Agreement in April 2016. At trial, Cornwell submitted evidence that she completed 108 hours of treatment between March 2, 2016 through April 25, 2017, which BHA should have accepted. However, those hours included travel time to and from the appointments and BHA also raised concerns regarding the authenticity of the document. The trial court concluded

that Cornwell completed 27 hours of treatment excluding travel time instead of the 108 hours she submitted.

[18] Additionally, Cornwell submitted evidence that she earned hours by cleaning her neighbor's apartment. In support thereof, Cornwell presented a note written by her neighbor, which stated "Cornwell cleans my house twice a week. She works 1-2 hours, depending on what I need. Please call [my telephone number] if I can answer any questions[.]" Exhibits, Vol. I at 100. Cornwell testified that she had been cleaning her neighbor's apartment for a "little over a year" and self-reported the hours to BHA but credit was denied as an ineligible activity. Tr., Vol. I at 34.

[19] In turn, BHA presented evidence that Cornwell's lease required her to complete the CSSR, that BHA mistakenly told Cornwell she was exempt but later notified her in October 2012 of this mistake and informed her that she was subject to the CSSR. After the eviction hearing, the trial court ordered Cornwell to vacate her apartment.

[20] We conclude the evidence revealed that Cornwell had not completed the number of community service hours required by her lease and a reasonable trier of fact could find BHA established a claim for eviction based on the terms of the lease by a preponderance of the evidence. Therefore, we conclude the trial court's decision was not clearly erroneous.

# Conclusion

For the foregoing reasons, we conclude the trial court's judgment was not clearly erroneous. Accordingly, we affirm.

Affirmed.

Baker, J., and May, J., concur.