## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2019, 11:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Taylor A. Beaty
Brian C. Heck
Beckman Lawson, LLP
Fort Wayne, Indiana

## I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| YES! Automotive, Inc., and Brad Hoffer, *Appellants-Defendants,* <br><br> v. <br><br> Jessica Roach, *Appellee-Plaintiff* | July 31, 2019 <br><br> Court of Appeals Case No. 19A-SC-601 <br><br> Appeal from the Allen Superior Court – Small Claims Division <br><br> The Honorable Thomas P. Boyer, Magistrate <br><br> Trial Court Cause No. 02D03-1810-SC-16101 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Yes Automotive Inc., a car dealership, and Brad Hoffer, the owner/president of the dealership (collectively, "the Dealership"), appeal the small-claims court's judgment in favor of Jessica Roach in the amount of $3,639.41, arguing that the judgment is not supported by the evidence. We affirm.

# Facts and Procedural History[1]

[2] In July 2017, Roach went to the Dealership after seeing on CarGurus.com that the Dealership had a 2011 Buick LaCrosse for sale for $9,457.00. Roach ultimately signed a Retail Installment Contract for a 2011 Buick LaCrosse, though it is unclear whether the car she purchased was the same car she had seen on the website—Roach thought it was, the Dealership says it was not.

[3] In any event, a month-and-a-half later, Roach's daughter totaled the car Roach purchased. Roach asked the Dealership for copies of the transaction documents. The paperwork the Dealership sent to Roach included a Bill of Sale, which shows a "Vehicle Price" of $12,060.70, Appellants' App. Vol. II p. 10, and an Application for Certificate of Title, which shows a "Selling Price" of the same amount, *id*. at 57. Roach then sent the Dealership a message claiming she had been told that the price was $9,457.00 and asking for an explanation of

---

[1] The proceedings were not transcribed, but the trial court certified a Statement of Evidence pursuant to Indiana Appellate Rule 31.

the discrepancy: "[W]hen we discussed the price, I was told that it was the $9,457 as indicated on the CarGurus website . . . . In review of the paperwork, the price was indicated as $12,060.70. Can you tell me why the price increased this much?" *Id.* at 19. An employee of the Dealership responded, "I went over everything with You when You bought the car. You did get the car gurus [sic] price, and the bank fee was added to the price[.]" *Id.* at 20. Roach asked the Dealership to pay her the difference between the two prices, but the Dealership refused.

[4] In October 2018, Roach sued the Dealership in small-claims court, alleging that the Dealership "overcharged" her, "forged [her] signature," "did not fully disclose charges," and engaged in "fraudulent" conduct. *Id.* at 59, 71. At trial, Roach testified that "she was told by an employee of [the Dealership] that the purchase price of the vehicle was $9,457.00[.]" *Id.* at 140. Regarding the Bill of Sale and the Application for Certificate of Title—the two documents that show the price as $12,060.70—Roach said that the Dealership "did not review" those documents with her and that she "did not sign" them. *Id.* at 141. Roach also testified about the Retail Installment Contract she signed when she purchased the car, which lists the "Price of Vehicle, etc." as $12,764.95, including sales tax of $704.25. Specifically, she testified that the employee at the Dealership told her that "the price in the Retail Installment Contract included bank fees." *Id.* at 140. In addition to her testimony, Roach submitted several exhibits, including printouts of her message to the Dealership and the Dealership's response.

Hoffer testified that the Dealership "went through all transaction documents with [Roach] at the time she purchased the Vehicle" and "did not forge [Roach's] initials or signatures on the transaction documents." *Id*. at 142-43. He further stated that the Dealership's "sales representatives are not affiliated with [the Dealership's] billing department and are not authorized by [the Dealership] to advise customers on financial matters[.]" *Id*. at 143. He testified that "there are no hidden fees included in the price of the Vehicle[.]" *Id*.

The small-claims court believed Roach's version of events. It found that "[t]he listed price for the vehicle was $9,457.00," that the Dealership or its "employees/agents" forged Roach's signature on the Bill of Sale and the Application for Certificate of Title, that Roach was told that the Retail Installment Contract showed "the sales price plus bank charges[,]" and that the Dealership "committed fraud, misrepresentation, and forgery in the sale of the vehicle to [Roach]." *Id*. at 150. The small-claims court entered judgment in favor of Roach for $3,639.41, which represents the overcharge, three months of interest on the overcharge, and attorney's fees.

The Dealership now appeals.

# Discussion and Decision

We first note that Roach did not file a brief. When the appellee has failed to submit an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. Rather, we will reverse the trial court's

judgment if the appellant's brief presents a case of prima facie error. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Prima facie error in this context is defined as "at first sight, on first appearance, or on the face of it." *Id*. Where an appellant is unable to meet this burden, we will affirm. *Id*.

[9] The Dealership contends that the small-claims court's judgment in favor of Roach is "not supported by the evidence." Appellants' Br. p. 12. Small-claims-court judgments are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). Pursuant to Indiana Trial Rule 52(A), we review the facts determined in a bench trial under the clearly erroneous standard of review, with due regard given to the opportunity of the court to assess witness credibility. *Hamilton v. Schaefer Lake Lot Owners Ass'n, Inc.*, 59 N.E.3d 1051, 1054 (Ind. Ct. App. 2016). This deferential standard of review is particularly important in small-claims actions, where trials are informal and the sole objective is to dispense speedy justice between the parties according to the rules of substantive law. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008); *see also* Ind. Small Claims Rule 8(A). We will not reweigh the evidence and consider "only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence." *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995).

[10] In order to prove fraud, Roach had the burden to show that (1) a material misrepresentation of past or existing facts was made to her; (2) the Dealership made that material misrepresentation with knowledge or reckless ignorance of falsity; and (3) Roach relied on that material misrepresentation to her

detriment. *Am.'s Directories Inc. v. Stellhorn One Hour Photo, Inc.*, 833 N.E.2d 1059, 1067 (Ind. Ct. App. 2005), *trans. denied*. Parol evidence may be used to show that fraud entered into the formation of a contract. *Id.*

[11] The Dealership argues that Roach did not present "any evidence of fraud[.]" Appellants' Br. p. 14. At trial, however, Roach testified that an employee of the Dealership told her "that the purchase price of the vehicle was $9,457.00" and that the figure on the Retail Installment Contract was higher because it included "bank fees." Appellants' App. Vol. II p. 140. Additionally, Roach presented the judge with the message between the Dealership and herself, where the Dealership stated that it "went over everything with [Roach] when [Roach] bought the car. [Roach] did get the car gurus [sic] price, and the bank fee was added to [that] price[.]" *Id.* at 20. Furthermore, there is evidence that the documents that do show a price of $12,060.70—the Bill of Sale and Application for Certificate of Title—were forged and not reviewed with Roach. A reasonable inference from this evidence is that Roach was never given those documents when she purchased the car. All of this evidence supports the small-claims court's conclusion that the Dealership committed fraud.[2]

[12] In the alternative, the Dealership argues that even if a salesperson told Roach that the price of the car was $9,457.00, "sales representatives are not authorized

---

[2] In its brief, the Dealership largely ignores the evidence discussed above and instead focuses on Hoffer's testimony. This directly conflicts with our standard of review. *See Hall,* 657 N.E.2d at 116 (explaining that we consider "only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence.").

by [the Dealership] to advise customers on financial matters[.]" Appellants' Br. p. 11. However, the Dealership fails to provide a cogent argument as to why a dealership is not liable for the sales representations of its employees, nor does it cite any legal authority that would support such a conclusion. Thus, the Dealership has waived this argument on appeal. *See* Ind. Appellate Rule 46(A)(8)(a); *Lyles v. State*, 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005) ("A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

[13] Affirmed.

Kirsch, J., and Altice, J., concur.