FILED
Sep 24 2019, 9:26 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

David E. Jacuk
Tanner Law Group
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Feather Trace Homeowners Association, Inc., *Appellant-Plaintiff,* <br><br> v. <br><br> Donald R. Luster, *Appellee-Defendant* | September 24, 2019 <br><br> Court of Appeals Case No. 19A-SC-300 <br><br> Appeal from the Marion Small Claims Court <br><br> The Honorable John A. Kitley, Judge <br><br> Trial Court Cause No. 49K09-1807-SC-741 |

**Baker, Judge.**

Donald Luster is a homeowner in the Feather Trace neighborhood. He refused to pay his annual assessment to the Feather Trace Homeowners Association (HOA) after the HOA stopped maintaining the public areas in the neighborhood. The HOA sued Luster for the unpaid assessment plus costs and attorney fees, and the trial court entered judgment in favor of Luster. The HOA appeals, arguing that the trial court erred as a matter of law. We agree. Therefore, we reverse and remand with instructions to enter judgment in favor of the HOA and to calculate the amount owed by Luster.

## Facts

In August 2002, Luster and his wife purchased a home in the Feather Trace neighborhood. Their deed was subject to Feather Trace's covenants, conditions, and restrictions, including a requirement that they pay annual fees of $200 to cover maintenance, repairs, and ordinary operating expenses of the HOA. If owners fail to pay the assessment, the HOA has a continuing lien on their property for the unpaid assessment, late fees, collections costs, and attorney fees.

The Feather Trace neighborhood is comprised of fifty-two residences; it also includes a pond. At some point, Luster noticed that the neighborhood was not being maintained properly. Specifically, he raises the following shortcomings (and provided photos as proof of his allegations):

- The roads in the neighborhood were not maintained properly. Specifically, there were holes on the street and sidewalks.

- The pond was not being maintained. Specifically, there was "scum" and "filth" on and around the pond, causing it to stink. Tr. p. 28. Luster stated that all year long, "all you smell is the stink coming from this pond." *Id.* Luster offered photos showing many dead fish in and around the pond and he testified that there were about 200 or 300 fish that were killed. The pond was not aerated with a fountain, nor was the water treated by an aquatic services company. At some point in the past, the pond tested positive for E. coli bacteria.
- The drainage holes around the pond, which are approximately three feet across, did not have grates. As a result, children frequently crawled inside the holes.
- The common areas were not being maintained. Specifically, they were not being mowed, edged, or mulched. The areas around the pond were eroding to such an extent that it was impossible to walk in those areas without "end[ing] up in the pond." *Id.* at 25.
- There was only one streetlight in the neighborhood.
- Homeowners were not properly maintaining their own properties. For example, some homeowners were letting weeds overgrow their fences.
- It is not permitted to have people renting the homes in the neighborhood, but multiple units housed, or were seeking, renters.

At some point, Luster raised some of these concerns to a member of the HOA board. That person told Luster he would bring the issues to the attention of the board, but it is unclear whether that occurred. Shortly thereafter, that person moved out of the neighborhood. There is no evidence that Luster took any other steps to bring his concerns to the HOA's attention.

[4] In 2018, Luster refused to pay the assessment fee to the HOA because of all the issues listed above. On July 31, 2018, the HOA filed a small claims suit against Luster, seeking the $200 assessment plus attorney fees and costs. A bench trial took place on January 16, 2019. Following the trial, the trial court ruled in favor of Luster, finding that the HOA's failures to maintain the property as it is

required to do resulted in such a "radical change[] in the community" that Luster was not required to pay the assessment fee until his concerns are addressed. *Id.* at 43. The trial court focused on the "dead fish everywhere," "[d]angerous conditions around the pond," and "[h]ealth and safety issues." *Id.* It stated that these maintenance failures "kind of shock[] my conscience. And when it shocks a trial judge's conscience, I think it is sufficient." *Id.* at 44. HOA now appeals.

## Discussion and Decision

[5] When reviewing a judgment entered following a small claims bench trial, we will set aside the judgment only if it is clearly erroneous. *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995). We will neither reweigh the evidence nor assess witness credibility and will instead consider only the evidence and reasonable inferences supporting the judgment. *Id.* We apply a particularly deferential standard of review to small claims cases to preserve the speedy and informal process for small claims. *Heartland Crossing Found., Inc. v. Dotlich*, 976 N.E.2d 760, 761 (Ind. Ct. App. 2012).

[6] Here, there are no factual disputes. Luster and his wife purchased their home in August 2002, their purchase is subject to the Feather Trace covenants, among those covenants is a requirement that he pay annual assessment fees, and Luster refused to pay those fees in 2018. Moreover, the HOA does not deny Luster's complaints about the maintenance of the neighborhood.

[7] We have found no cases holding that abrogation of homeowners' association dues and assessments is the appropriate remedy for an owner's dissatisfaction with the way the HOA is performing or the conditions or quality of the neighborhood and its amenities.[1] We certainly sympathize with Luster's situation, and do not disagree with the trial court that the conditions of the neighborhood are dramatic and disheartening.

[8] It is apparent, however, that the result reached by the trial court will make the underlying problems worse, as it will quickly empty the HOA's coffers when Luster's neighbors learn that they, too, need not pay their annual fees. If that were to occur, it would quickly become impossible for the HOA to correct the very serious problems in the neighborhood.

[9] Instead, we note that Luster has other legal remedies aside from abrogation of his responsibility to pay the annual fees—and these remedies would actually have a chance of bettering the situation for the residents. For example, he can mount a campaign to oust the current board members; he can participate with board meetings or strive to become a board member to influence the HOA's decision-making process; he can seek injunctive relief against the HOA; he can

---

[1] Feather Trace directs our attention to *CSL Community Association, Inc. v. Meador*, 973 N.E.2d 597 (Ind. Ct. App. 2012), in support of its argument that we should reverse. We question the *CSL* Court's decision to rely on inapposite caselaw in reaching its result and decline to follow it here. While we agree with Feather Trace that reversal is warranted, we do not rely on *CSL* in doing so.

seek a receivership for the HOA; or he can sue board members for a breach of fiduciary duty.

[10] The judgment is reversed and remanded with instructions to enter judgment in favor of the HOA and to calculate the amount owed by Luster.

May, J., and Robb, J., concur.